# REMOVAL TO FEDERAL COURT

## STATE COURT RECORD

STATE OF INDIANA

Marion County Superior Court 7

49D07-1806-CT-024077

KIMERE SMITH,

v.

WALMART, INC.

This is not the official court record. Official records of court proceedings may only be obtained directly from the court maintaining a particular record.

## Kimere Smith v. Walmart Inc.

| Case Number | 49D07-1806-CT-024077 |
| --- | --- |
| Court | Marion Superior Court, Civil Division 7 |
| Type | CT - Civil Tort |
| Filed | 06/19/2018 |
| Status | 06/19/2018 , Pending  (active) |

## Parties to the Case

Defendant  Walmart Inc.

| Address | 150 W. Market St.<br>Suite 800<br>Indianapolis, IN 46204 |
| --- | --- |
| Attorney | Lesley Ann Pfleging<br>*#2685749, Lead, Retained*<br><br>LEWIS & WAGNER, LLP<br>501 Indiana Avenue<br>Suite 200<br>Indianapolis, IN 46202<br>317-237-0500(W) |
| Attorney | Lynsey David<br>*#3259449, Retained*<br><br>501 Indiana Avenue<br>STE 200<br>Indianapolis, IN 46202<br>317-237-0500(W) |

Plaintiff     Smith, Kimere

| Address | 612 E. Market St.<br>N/A<br>Indianapolis, IN 46202 |
| --- | --- |
| Attorney | Howard L Stevenson<br>*#1757049, Retained*<br><br>COLEMAN STEVENSON LLP<br>612 E. Market St<br>Indianapolis, IN 46202<br>317-875-0400(W) |

## Chronological Case Summary

06/19/2018  **Case Opened as a New Filing**

06/19/2018  **Complaint/Equivalent Pleading Filed**
Complaint

Filed By:          Smith, Kimere
File Stamp:     06/19/2018

| 06/19/2018 | **Subpoena/Summons Filed** |
|---|---|
| | Summons |
| | Filed By:        Smith, Kimere |
| | File Stamp:      06/19/2018 |

| 06/19/2018 | **Appearance Filed** |
|---|---|
| | Appearance |
| | For Party:       Smith, Kimere |
| | File Stamp:      06/19/2018 |

| 07/02/2018 | **Appearance Filed** |
|---|---|
| | Appearance |
| | For Party:       Walmart Inc. |
| | File Stamp:      07/02/2018 |

| 07/02/2018 | **Motion for Enlargement of Time Filed** |
|---|---|
| | Motion for Enlargement of Time to File Responsive Pleading |
| | Filed By:        Walmart Inc. |
| | File Stamp:      07/02/2018 |

| 07/02/2018 | **Jury Trial Demand Filed** |
|---|---|
| | Jury Demand |
| | Filed By:        Walmart Inc. |
| | File Stamp:      07/02/2018 |

| 07/02/2018 | **Order Granting Motion for Enlargement of Time** |
|---|---|
| | IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Defendant WALMART, INC. is granted a period of time through and including August 13, 2018 in which to answer or otherwise respond to Plaintiff's Complaint for Damages and/or any discovery including Request for Admissions that may have been filed with the Summons and Complaint. |
| | Judicial Officer:   Keele, Michael D |
| | Order Signed:      07/02/2018 |

| 07/03/2018 | **Automated ENotice Issued to Parties** |
|---|---|
| | Order Granting Motion for Enlargement of Time ---- 7/2/2018 : Howard L Stevenson;Lesley Ann Pfleging |

| 07/03/2018 | **Jury Trial Demand Filed** |
|---|---|
| | Jury Demand |
| | Filed By:        Walmart Inc. |
| | File Stamp:      07/03/2018 |

| 08/13/2018 | **Answer Filed** |
|---|---|
| | Answer and Affirmative Defenses |
| | Filed By:        Walmart Inc. |
| | File Stamp:      08/13/2018 |

| 09/19/2018 | **Order Issued** |
|---|---|
| | Joint Case Management Plan |
| | Judicial Officer:   Keele, Michael D |
| | Order Signed:      09/18/2018 |

| 09/20/2018 | **Automated ENotice Issued to Parties** |
|---|---|
| | Order Issued ---- 9/19/2018 : Howard L Stevenson;Lesley Ann Pfleging |

| 10/16/2018 | **Witness and/or Exhibit List Filed** |
|---|---|
| | Defendant's Preliminary Witness and Exhibit Lists |
| | Filed By:      Walmart Inc. |
| | File Stamp:      10/16/2018 |

| 10/18/2018 | **Witness and/or Exhibit List Filed** |
|---|---|
| | Preliminary Witness and Exhibit Lists |
| | Filed By:      Smith, Kimere |
| | File Stamp:      10/18/2018 |

| 02/25/2019 | **Motion to Compel Discovery Filed** |
|---|---|
| | Motion to Compel Plaintiff's Production of Discovery Responses |
| | Filed By:      Walmart Inc. |
| | File Stamp:      02/25/2019 |

| 02/27/2019 | **Order Granting Motion to Compel Discovery** |
|---|---|
| | Judicial Officer:      Mattingly, Kimberly Dean - MAG |
| | Order Signed:      02/27/2019 |

| 02/28/2019 | **Automated ENotice Issued to Parties** |
|---|---|
| | Order Granting Motion to Compel Discovery ---- 2/27/2019 : Howard L Stevenson;Lesley Ann Pfleging |

| 03/06/2019 | **Appearance Filed** |
|---|---|
| | Appearance of Lynsey David for Walmart |
| | For Party:      Walmart Inc. |
| | File Stamp:      03/05/2019 |

## Financial Information

\* Financial Balances reflected are current representations of transactions processed by the Clerk's Office. Please note that any balance due does not reflect interest that has accrued – if applicable – since the last payment. For questions/concerns regarding balances shown, please contact the Clerk's Office.

Smith, Kimere
Plaintiff

### Balance Due (as of 03/28/2019)
0.00

### Charge Summary

| Description | Amount | Credit | Payment |
|---|---|---|---|
| Court Costs and Filing Fees | 157.00 | 0.00 | 157.00 |

### Transaction Summary

| Date | Description | Amount |
|---|---|---|
| 06/19/2018 | Transaction Assessment | 157.00 |
| 06/19/2018 | Electronic Payment | (157.00) |

| This is not the official court record. Official records of court proceedings may only be obtained directly from the court maintaining a particular record. |
|---|

**49D07-1806-CT-024077**

Marion Superior Court, Civil Division 7

Filed: 6/19/2018 12:46 PM
Myla A. Eldridge
Clerk
Marion County, Indiana

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MARION_____ COURT |
| | ) SS: | |
| COUNTY OF MARION | ) | CAUSE NO. |

| | |
|---|---|
| KIMERE SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| WALMART INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT FOR DAMAGES AND JURY DEMAND

Comes now the Plaintiff, Kimere Smith, ("Plaintiff") by counsel, Howard L. Stevenson, and

for her Complaint for Damages and Jury Demand, against Defendant, Walmart Inc., states and

alleges as follows:

1.     That Plaintiff, Kimere Smith, is a resident of the City of Indianapolis, County of

Marion, State of Indiana.

2.     That Defendant, Walmart Inc., a for-profit business, was doing business in the City

of Indianapolis, County of Marion, State of Indiana, at all times pertinent to this cause.

3.     Jurisdiction and venue are proper in this Court, as the incident upon which the claims

herein are based occurred within Marion County, Indiana.

4.     That the accident upon which this claim is based occurred on or about June 22, 2016,

in the City of Indianapolis, County of Marion, State of Indiana.

5.     That on or about June 22, 2016, Plaintiff Kimere Smith was an invitee at the

Defendant, Walmart Inc.'s store located at 4545 Lafayette Road, Indianapolis, IN 46254 ("Store").

6.     That on or about June 22, 2016, Plaintiff Kimere Smith was shopping when she

slipped and fell on a substance inside the Store owned and/or operated by Defendant, Walmart Inc.

7.     As a result of Plaintiff's fall in the Store, Plaintiff Kimere Smith, sustained severe

injuries, some of which may be permanent.

8. As owner and/or tenant of the Store, Defendant, Walmart Inc., owed Plaintiff a duty of reasonable care to protect and/or warn its invitees and/or visitors from reasonably foreseeable dangers and to exercise reasonable care and maintain the premises in a safe condition.

9. That Defendant Walmart Inc. breached its duty of care owed to Plaintiff and was negligent when it failed to protect and/or warn Plaintiff from reasonably foreseeable dangers and by failing to maintain the premises in a reasonably safe condition.

10. As a direct and proximate result of Defendant Walmart Inc.'s negligence, Plaintiff Kimere Smith has incurred substantial medical expenses, and other special expenses, which will continue into the future.

11. As a direct and proximate result of Defendant Walmart Inc.'s negligence, Plaintiff Kimere Smith has experienced and will continue to experience, pain and suffering and mental anguish.

12. As a direct and proximate result of Defendant Walmart Inc.'s negligence, Plaintiff Kimere Smith has suffered injuries, some of which may be permanent.

13. As a direct and proximate result of Defendant's negligence, Plaintiff  Kimere Smith loss her job.

14. As a direct and proximate result of Defendant's negligence, Plaintiff  Kimere Smith has been damaged.

WHEREFORE, the Plaintiff, Kimere Smith, by counsel, prays for judgment against the Defendant in an amount commensurate with her injuries, damages, pain and suffering, medical expenses, loss wages, and other special expenses, for the costs of this action, and for all other relief just and proper in the premises.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues triable by jury.

Respectfully submitted,

By: _____

Howard L. Stevenson
Attorney for Plaintiff
Attorney Reg. No. 17570-49

**STEVENSON LEGAL GROUP, LLC**
612 E. Market Street
Indianapolis, Indiana 46202
Telephone: (317) 875-0400
Facsimile: (317) 802-0900

**49D07-1806-CT-024077**

Marion Superior Court, Civil Division 7

Filed: 6/19/2018 12:46 PM
Myla A. Eldridge
Clerk
Marion County, Indiana

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MARION_____ COURT |
| | ) SS: | |
| COUNTY OF MARION | ) | CAUSE NO. |

KIMERE SMITH,                    )
                                 )
                    Plaintiff,   )
          v.                     )
                                 )
WALMART INC.,                    )
                                 )
                    Defendant.   )

## SUMMONS

To:    Walmart Inc.
       c/o registered agent: CT Corporation System
       150 W. Market Street, Suite 800
       Indianapolis, Indiana 46204

       You are hereby notified that you have been sued by the persons named as Plaintiffs and in the Court indicated above.

       The nature of the suit against you is stated in the Complaint which is attached to this Summons. It also states the relief sought or the demand made against you by the Plaintiff.

       An answer or other appropriate response in writing to the Complaint must be filed either by you or your attorney within twenty (20) days, commencing the day after you receive this Summons, (or twenty-three (23) days if this Summons was received by mail), or a judgment by default may be rendered against you for the relief demanded by the Plaintiff.

       If you have a claim for relief against the Plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

Dated: 6/19/2018 _____            _Myla A. Eldridge_____
                                            Clerk, Marion County Courts

                                            (SEAL — MARION COUNTY COURTS INDIANA)

The following manner of service of summons is hereby designated.

  **X**   Certified mail.

_____ Service at place of employment, to-wit: _____

_____ Service on individual (Personal or copy) at the above address.

_____ Service on agent. (Specify) _____

_____ Other service. (Specify)

Howard L. Stevenson, Esq.
Stevenson Legal Group, LLC
612 E. Market St.
Indianapolis, Indiana 46202
(317) 875-0400
Attorney for Plaintiff

Marion County Clerk
200 East Washington Street #W-122
Indianapolis, Indiana 46204

**49D07-1806-CT-024077**

Marion Superior Court, Civil Division 7

Filed: 6/19/2018 12:46 PM
Myla A. Eldridge
Clerk
Marion County, Indiana

## APPEARANCE FORM (CIVIL)
### Initiating Party

Cause No. _____           (file stamp)

Check, if Pro Se. _____   Note: This form is not required for pro se protective orders.

1. <u>KIMERE SMITH</u>_____           2. _____
   Name of first initiating party                Telephone of pro se initiating party

   (Supply names of additional initiating parties on continuation page.)

3. Attorney information (as applicable for service of process):

   Name:  <u>Howard L. Stevenson</u>           Attorney No.  <u>17570-49</u>
   Address:  <u>Stevenson Legal Group, LLC</u>   Telephone:  <u>(317) 875-0400</u>
   <u>612 E. Market Street</u>                  Fax: <u>(317) 802-0900</u>
   <u>Indianapolis, Indiana 46202</u>

   (Supply information for additional attorneys on continuation page.)

4. Case type requested: _____ CT           5. Will accept facsimile service: <u>No</u>

   [See Administrative Rule 8(b)(3)]

6. Social Security numbers of all family members in proceedings involving support issues.

Name: _____ SS# _____   Name: _____ SS# _____
Name: _____ SS# _____   Name: _____ SS# _____
Name: _____ SS# _____   Name: _____ SS# _____

   (Supply social security numbers for additional persons on continuation page.).

7. Are there related cases? <u>No</u>   If yes, list case and cause number below:

   Caption _____   Cause No. _____
   Caption _____   Cause No. _____

   (Supply information for additional related cases on continuation page.)

8. Additional information required by state or local rule: _____
_____
_____
_____

Filed: 7/2/2018 3:03 PM
Myla A. Eldridge
Clerk
Marion County, Indiana

IN THE MARION SUPERIOR COURT 7

STATE OF INDIANA

| | | |
|---|---|---|
| KIMERE SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CAUSE NO.:  49D07-1806-CT-024077 |
| v. | ) | |
| | ) | |
| WALMART, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## E-FILING APPEARANCE BY ATTORNEY IN CIVIL CASE

**Party Classification:**  Initiating _____   Responding _X_   Intervening _____

1.    The undersigned attorney and all attorneys listed on this form now appear in this case for the following party member(s):

**WALMART, INC.**

2.    Applicable attorney information for service as required by Trial Rule 5(B)(2) and for case information as required by Trial Rules 3.1 and 77(B) is as follows:

**Lesley A. Pfleging**                                   **Attorney No. 26857-49A**
LEWIS WAGNER, LLP                              Phone:  (317)  237-0500
501 Indiana Avenue, Suite 200                  Fax:    (317)  630-2790
Indianapolis, IN  46202lpfleging@lewiswagner.com

**IMPORTANT**:  Each attorney specified on this appearance:
(a)    certifies that the contact information listed for him/her on the Indiana Supreme Court Roll of Attorneys is current and accurate as of the date of this Appearance;
(b)    **acknowledges that all orders, opinions, and notices from the court in this matter that are served under Trial Rule 86(G) will be sent to the attorney at the email address(es) specified by the attorney on the Roll of Attorneys regardless of the contact information listed above for the attorney**; and
(c)    understands that he/she is solely responsible for keeping his/her Roll of Attorneys contact information current and accurate, see Ind. Admis. Disc. R.

2(A).
Attorneys can review and update their Roll of Attorneys contact information on the Courts Portal at http://portal.courts.in.gov.

3.    There are other party members: Yes _____ No _X_ (If yes, list on continuation page.)

4.    *If first initiating party filing this case,* the Clerk is requested to assign the case the following Case Type under Administrative Rule 8(b)(3): ___N/A___

5.    This case involves support issues. Yes _____ No _X_ (If yes, supply social security numbers for all family members on continuation page.)

6.    There are related cases. Yes _____ No _X_ *(If yes, list* on continuation page.)

7.    This form has been served on all other parties. Certificate of Service is attached.
Yes _X_    No _____

8.    Additional information required by local rule:_____

**LEWIS WAGNER, LLP**

By:    */s/Lesley A. Pfleging*_____
LESLEY A. PFLEGING, #26857-49A
***Counsel for Defendant***

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2018, a copy of the foregoing was served on the following parties electronically by using the Court's IEFS System and U.S. Postal Service, pre-paid delivery for those parties not yet registered:

Howard L. Stevenson
Stevenson Legal Group, LLC
9101 Wesleyan Road, Suite 100
Indianapolis, IN  46268
*Counsel for Plaintiff*

By: */s/ Lesley A. Pfleging*
    LESLEY A. PFLEGING

LEWIS WAGNER, LLP
Suite 200
501 Indiana Avenue
Indianapolis, IN 46202
Telephone:    317-237-0500
Facsimile:    317-630-2790
lpfleging@lewiswagner.com

Filed: 7/2/2018 3:03 PM
Myla A. Eldridge
Clerk
Marion County, Indiana

IN THE MARION SUPERIOR COURT 7

STATE OF INDIANA

| | | |
|---|---|---|
| KIMERE SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CAUSE NO.:  49D07-1806-CT-024077 |
| v. | ) | |
| | ) | |
| WALMART, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S MOTION FOR ENLARGEMENT OF TIME TO FILE RESPONSIVE PLEADING

Defendant WALMART, INC., by counsel, moves the Court for an enlargement of time of thirty (30) days in which to answer or otherwise respond to Plaintiff's Complaint for Damages, and/or any discovery including Request for Admissions that may have been filed with the Summons and Complaint, up to and including August 13, 2018 and in support thereof would show the Court as follows:

1.      That a responsive pleading is due on or about July 14, 2018 and said time has not expired.

2.      No prior enlargements of time have been requested.

3.      Undersigned counsel has only recently been retained and said additional time is necessary to enable counsel to confer with their client to review the facts and prepare an appropriate response.

WHEREFORE, Defendant WALMART, INC., by counsel, prays for an additional thirty (30) days in which to answer or otherwise respond to Plaintiff's Complaint for Damages, and/or

{0019081/0050/01535264 v1}

any discovery including Request for Admissions that may have been filed with the Summons and

Complaint, through and including August 13, 2018, and for all other just and proper relief in the

premises.

**LEWIS WAGNER, LLP**

By:     */s/Lesley A. Pfleging*
        LESLEY A. PFLEGING, #26857-49A
        ***Counsel for Defendant***

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2018, a copy of the foregoing was served on the following
parties electronically by using the Court's IEFS System and U.S. Postal Service, pre-paid
delivery for those parties not yet registered:

Howard L. Stevenson
Stevenson Legal Group, LLC
9101 Wesleyan Road, Suite 100
Indianapolis, IN  46268
***Counsel for Plaintiff***

By: */s/ Lesley A. Pfleging*
    LESLEY A. PFLEGING

LEWIS WAGNER, LLP
Suite 200
501 Indiana Avenue
Indianapolis, IN 46202
Telephone:     317-237-0500
Facsimile:     317-630-2790
lpfleging@lewiswagner.com

{0019081/0050/01535264 v1}

Filed: 7/2/2018 3:03 PM
Myla A. Eldridge
Clerk
Marion County, Indiana

IN THE MARION SUPERIOR COURT 7

STATE OF INDIANA

| | | |
|---|---|---|
| KIMERE SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CAUSE NO.:  49D07-1806-CT-024077 |
| v. | ) | |
| | ) | |
| WALMART, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**JURY DEMAND**

Defendant WALMART, INC., by counsel, pursuant to Trial Rule 38(B) of the Indiana Rules of Trial Procedure, respectfully requests that this cause of action be tried by a jury.

LEWIS WAGNER, LLP

By:  _____

LESLEY A. PFLEGING, #26857-49A
*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 2, 2018, a copy of the foregoing was served on the following parties electronically by using the Court's IEFS System and U.S. Postal Service, pre-paid delivery for those parties not yet registered:

Howard L. Stevenson
Stevenson Legal Group, LLC
9101 Wesleyan Road, Suite 100
Indianapolis, IN  46268
*Counsel for Plaintiff*

By: /s/ LESLEY A. PFLEGING
LESLEY A. PFLEGING

{0019081/0050/01535295 v1}

LEWIS WAGNER, LLP
Suite 200
501 Indiana Avenue
Indianapolis, IN 46202
Telephone:      317-237-0500
Facsimile:      317-630-2790
lpfleging@lewiswagner.com

IN THE MARION SUPERIOR COURT 7

STATE OF INDIANA

KIMERE SMITH,                                )
                                             )
                    Plaintiff,               )
                                             )
                                             )   CAUSE NO.:   49D07-1806-CT-024077
        v.                                   )
                                             )
WALMART, INC.,                               )
                                             )        F I L E D
                    Defendant.               )        July 2, 2018
                                             )        *Myla A. Eldridge*
                                                      CLERK OF THE COURT
                                                      MARION COUNTY
                                                      JJ

## ORDER

Defendant WALMART, INC., by counsel, files herein its Motion for Enlargement of Time in which to respond to Plaintiff's Complaint for Damages and/or any discovery including Request for Admissions that may have been filed with the Summons and Complaint.

And the Court being duly advised, now grants said Motion.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Defendant WALMART, INC. is granted a period of time through and including August 13, 2018 in which to answer or otherwise respond to Plaintiff's Complaint for Damages and/or any discovery including Request for Admissions that may have been filed with the Summons and Complaint.

Dated: **July 2, 2018**

                                        _Michael D. Keele_
                                        JUDGE, MARION ADAMS SCHOOLS

Distribution:

Lesley A. Pfleging
LEWIS WAGNER, LLP
Suite 200
501 Indiana Avenue
Indianapolis, IN 46202

Howard L. Stevenson
Stevenson Legal Group, LLC
9101 Wesleyan Road, Suite 100
Indianapolis, IN  46268
*Counsel for Plaintiff*

Filed: 7/3/2018 1:33 PM
Myla A. Eldridge
Clerk
Marion County, Indiana

IN THE MARION SUPERIOR COURT 7

STATE OF INDIANA

KIMERE SMITH,                                )
                                             )
                   Plaintiff,                )
                                             )   CAUSE NO.:   49D07-1806-CT-024077
        v.                                   )
                                             )
WALMART, INC.,                               )
                                             )
                   Defendant.                )
                                             )

## **JURY DEMAND**

Defendant WALMART, INC., by counsel, pursuant to Trial Rule 38(B) of the Indiana Rules of Trial Procedure, respectfully requests that this cause of action be tried by a jury.

**LEWIS WAGNER, LLP**

By:    */s/Lesley A. Pfleging*
       LESLEY A. PFLEGING, #26857-49A
       *Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2018, a copy of the foregoing was served on the following parties electronically by using the Court's IEFS System and U.S. Postal Service, pre-paid delivery for those parties not yet registered:

Howard L. Stevenson
Stevenson Legal Group, LLC
9101 Wesleyan Road, Suite 100
Indianapolis, IN  46268
*Counsel for Plaintiff*

By: */s/ Lesley A. Pfleging*
LESLEY A. PFLEGING

LEWIS WAGNER, LLP
Suite 200
501 Indiana Avenue
Indianapolis, IN 46202
Telephone:     317-237-0500
Facsimile:      317-630-2790
lpfleging@lewiswagner.com

{0019081/0050/01535295 v1}

Filed: 8/13/2018 11:31 AM
Myla A. Eldridge
Clerk
Marion County, Indiana

IN THE MARION SUPERIOR COURT 7

STATE OF INDIANA

| | | |
|---|---|---|
| KIMERE SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CAUSE NO.:  49D07-1806-CT-024077 |
| v. | ) | |
| | ) | |
| WALMART, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ANSWER & AFFIRMATIVE DEFENSES**

Defendant, WALMART, INC., by counsel, and for their Answer to Plaintiff's Complaint for Damages, alleges and states as follows:

1.      Defendant is without sufficient information to admit or deny the allegations contained in paragraph 1 of Plaintiffs' Complaint for Damages.

2.      Defendant admits the allegations contained in paragraph 2 of Plaintiff's Complaint for Damages.

3.      Defendant is without sufficient information to admit or deny the allegations contained in paragraph 3 of Plaintiffs' Complaint for Damages as this mater may also be ripe for removal to federal court.

4.      Defendant is without sufficient information to admit or deny the allegations contained in paragraph 4 of Plaintiffs' Complaint for Damages.

5.      Defendant admits the allegations contained in paragraph 5 of Plaintiff's Complaint for Damages.

6.      Defendant is without sufficient information to admit or deny the allegations contained in paragraph 6 of Plaintiffs' Complaint for Damages.

7.      Defendant is without sufficient information to admit or deny the allegations contained in paragraph 7 of Plaintiffs' Complaint for Damages.

8.      Defendant admits only those duties owed under Indiana law and denies any allegation inconsistent with Indiana law contained in paragraph 8 of Plaintiff's Complaint for Damages.

9.      Defendant denies the allegations set forth in Paragraph 9 of Plaintiff's Complaint for Damages.

10.      Defendant denies the allegations set forth in Paragraph 10 of Plaintiff's Complaint for Damages.

11.      Defendant is without sufficient information to admit or deny the allegations contained in paragraph 11 of Plaintiffs' Complaint for Damages.

12.      Defendant is without sufficient information to admit or deny the allegations contained in paragraph 12 of Plaintiffs' Complaint for Damages.

13.      Defendant is without sufficient information to admit or deny the allegations contained in paragraph 13 of Plaintiffs' Complaint for Damages.

14.      Defendant is without sufficient information to admit or deny the allegations contained in paragraph 14 of Plaintiffs' Complaint for Damages.

WHEREFORE, Defendant, WALMART, INC., by counsel, prays that Plaintiff take nothing by way of her Complaint, for the costs of the action, and all other just and proper relief.

LEWIS WAGNER, LLP

By: */s/Lesley A. Pfleging*
   LESLEY A. PFLEGING, #26857-49A
   ***Counsel for Defendant***

## AFFIRMATIVE DEFENSES

Defendant, WALMART, INC., by counsel, in response to Plaintiff's Complaint for Damages, alleges and states the following affirmative defenses:

1. Plaintiff's claim should be barred or reduced as a result of her own comparative fault, including but not limited to failure to mitigate any incurred risk.

2. Plaintiff incurred or assumed the risk of her alleged injuries and damages and the claims of Plaintiff should be barred or reduced proportionately.

3. Plaintiff failed to mitigate her damages.

4. For further response to Plaintiff's Complaint for Damages, Defendant specifically reserves the right to introduce into evidence proof of collateral source payments received by or on behalf of the Plaintiff pursuant to the applicable provisions of I.C. 34-44-1-1, et seq., in the event it is subsequently determined that such payments were made and are an appropriate matter for consideration by the jury.

5. That any and all damages and injuries complained of were proximately caused, in whole or in part, by the negligence and/or fault of unknown non-parties.

6. Some or all of Plaintiff Kimere Smith's alleged personal injuries may have been pre-existing or caused by another accident or traumatic event and/or were exacerbated by subsequent incidents.

7.      Some or all of Plaintiff Kimere Smith's medical expenses may have been reduced by write-offs, set-offs, and/or adjustments in accordance with *Stanley v. Walker* and *Patchett v. Lee*.

8.      Plaintiff may have been fully or partially compensated for her injuries and/or damages by third parties.

9.      Defendant hereby reserves the right to assert any additional affirmative defenses, as they may become known through the course of discovery.

WHEREFORE, Defendant, WALMART, INC., by counsel, pray that Plaintiff take nothing by way of her Complaint, for the costs of the action, and all other just and proper relief.

## CERTIFICATE OF SERVICE

I hereby certify that on August 13, 2018, a copy of the foregoing was served on the following parties electronically by using the Court's IEFS System and U.S. Postal Service, pre-paid delivery for those parties not yet registered:

Howard L. Stevenson
Stevenson Legal Group, LLC
9101 Wesleyan Road, Suite 100
Indianapolis, IN 46268
***Counsel for Plaintiff***

By: */s/ Lesley A. Pfleging*
    LESLEY A. PFLEGING

LEWIS WAGNER, LLP
Suite 200
501 Indiana Avenue
Indianapolis, IN 46202
Telephone:     317-237-0500
Facsimile:     317-630-2790
lpfleging@lewiswagner.com

{0019081/0050/01573597 v1}

IN THE MARION SUPERIOR COURT 7

STATE OF INDIANA

**F I L E D**
September 19, 2018
*Myla O. Eldridge*
CLERK OF THE COURT
MARION COUNTY
BM

KIMERE SMITH,                                )
                                             )
                    Plaintiff,               )
                                             )   CAUSE NO.:  49D07-1806-CT-024077
          v.                                 )
                                             )
WALMART, INC.,                               )
                                             )
                    Defendant.               )
                                             )

## PROPOSED JOINT CASE MANAGEMENT PLAN

The parties, by counsel, hereby file their Joint Case Management Plan as follows:

1. **Likelihood of Settlement.**   Unknown at this time.  Discovery and negotiations are ongoing.  The parties will informally agree upon a mediator.

2. **Schedule of Discovery for Each Party.**

   a. <u>Written Discovery</u>:  All Interrogatories and Requests for Production shall be served upon opposing counsel no later than One Hundred Twenty (120) days prior to trial.  Responses shall be served not later than Ninety (90) days prior to trial.

   b. <u>Depositions</u>:  All depositions will be completed no later than sixty (60) days prior to trial.

   c. <u>Expert Designations</u>:  The Plaintiff shall designate her expert witnesses for trial no later than one hundred fifty (150) days prior to trial.  The Defendants shall designate their expert witnesses no later than ninety (90) days prior to trial.

   d. <u>Discovery Cutoff</u>:  All discovery shall be completed no later than thirty (30) days prior to trial.

{0019081/0050/01608635 v1}

e. <u>Trial Rule 35 Medical Examinations</u>:  All Trial Rule 35 medical examinations shall be completed one hundred twenty (120) days prior to trial with written reports provided to opposing counsel within thirty (30) days of the examination.

3. **Witness and Exhibit Lists**:  Preliminary lists of witnesses and exhibits shall be exchanged no later than thirty (30) days after approval of this Case Management Plan by the Court.  Final witness and exhibit lists shall be exchanged no later than sixty (60) days prior to trial.

4. **Limitation on Time to Join Additional Parties and to Amend Pleadings**:  All motions to amend pleadings or join additional parties shall be filed within one hundred twenty (120) days prior to trial.

5. **Dispositive Motions**:  All dispositive motions shall be filed no later than one hundred fifty (150) days prior to trial.

6. **Time to File Pre-Trial Motions and Jury Instructions**:  Preliminary Jury Instructions and Motions in Limine shall be filed fifteen (15) days prior to the Final Pretrial Conference.

7. **Mediation**:  The parties agree to submit this matter to mediation no later than ninety (90) days prior to trial.  The parties shall agree to a mediator no later than one hundred and fifty (150) days prior to trial.

8. **Estimated Time Required for Jury Trial**:  Three (3) days.

9. **Anticipation of Trial:**  The parties agree that this matter will be ready for trial on or around December 1, 2019.

10. **Roll Over:** In the event of a continuance of a trial date, the above cutoff dates shall roll over to confirm to the new trial date.

Respectfully submitted,

**STEVENSON LEGAL GROUP, LLC**

BY___*/s/Howard L. Stevenson*_____
     HOWARD L. STEVENSON, # 17570-49
     ***Counsel for Plaintiff***

**LEWIS WAGNER, LLP**

By: ___*/s/Lesley A. Pfleging*_____
     LESLEY A. PFLEGING, #26857-49A
     ***Counsel for Defendants***

**APPROVED THIS** _18th_ **DAY OF** _September_ , **2018.**

JUDGE, MARION SUPERIOR COURT 7

Filed: 10/16/2018 3:20 PM
Myla A. Eldridge
Clerk
Marion County, Indiana

IN THE MARION SUPERIOR COURT 7
STATE OF INDIANA

KIMERE SMITH,                           )
                                        )
                    Plaintiff,          )
                                        )  CAUSE NO.:  49D07-1806-CT-024077
         v.                             )
                                        )
WALMART, INC.,                          )
                                        )
                    Defendant.          )
                                        )

## DEFENDANT'S PRELIMINARY WITNESS AND EXHIBIT LISTS

Defendant, by counsel, submits its preliminary witness and exhibit list as follows:

## WITNESSES

1.      Plaintiff;

2.      Walmart representative, Demetrius;

3.      Walmart representative, Matt Johns;

4.      Walmart representative, Kelli Johnson;

5.      All witnesses to Plaintiff's incident;

6.      Any other store patrons that observed Plaintiff's fall;

7.      Responding emergency personnel;

8.      All witnesses listed by any other party in this matter;

9.      All witnesses necessary for purposes of impeachment or rebuttal;

10.     All healthcare providers who have treated Plaintiff since this incident;

11.     All witnesses capable of laying a foundation for the admission of health care and/or billing records from any health care provider treating the Plaintiff since this incident;

{0019081/0050/01642567 v1}

12.     All witnesses necessary to lay the foundation for photographs and/or video taken of the people or property involved in this accident;

13.     All witnesses discovered through further investigation and/or discovery;

14.     All witnesses identified in the parties' answers to Interrogatories;

15.     All persons identified in documents produced by the parties;

16.     All witnesses listed on the Plaintiffs' Witness List; and

17.     Any experts identified by the parties.

## EXHIBITS

1.     All documents produced by any party in response to discovery requests by any party hereto;

2.     Walmart's policies and procedures relating to store premises, slip and falls, and safety.

3.     Surveillance of the incident;

4.     Store reports;

5.     Photographs of the subject area where Plaintiff fell;

6.     Recorded statement of Plaintiff;

7.     All documents designated by any dispositive motions filed in this matter;

8.     All Interrogatory Responses of any party hereto;

9.     All reports, supporting materials, studies, research, materials or other documents or things used by any expert in this matter to render opinions and conclusions;

10.     All depositions taken in this matter;

11.     All exhibits to any depositions taken in this matter;

12.     All exhibits listed by any other party to this matter;

13.   All exhibits necessary for purposes of impeachment or rebuttal;

14.   Depictions/maps of the scene;

15.   Photographs/videos/depictions of the Plaintiff;

16.   Medical reports, records, and bills received from any and all medical providers identified as having provided treatment or care to Plaintiff prior to or after the accident;

17.   Medical payment records from the above providers to demonstrate the write-off figure under *Stanley v. Walker*;

18.   All pleadings in this matter;

19.   Discovery responses submitted by the parties;

20.   All deposition transcripts and exhibits attached thereto;

21.   All documents produced by the parties;

22.   All exhibits listed on the Plaintiff's Exhibit List;

23.   All exhibits needed for impeachment and/or rebuttal;

24.   All documents identified through discovery or investigation;

25.   All documents identified in the parties' discovery responses;

26.   Plaintiff's expert reports;

27.   Reports prepared by any Defense expert; and

28.   Documents produced pursuant to all non-party requests for the production of documents.

As discovery is ongoing, Defendant reserves the right to amend their Witness and Exhibit lists as discovery continues.

{0019081/0050/01642567 v1}

**LEWIS WAGNER, LLP**


By:     */s/Lesley A. Pfleging*_____
        LESLEY A. PFLEGING, #26857-49A
        *Counsel for Defendant*


## CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2018, a copy of the foregoing was served on the following parties electronically by using the Court's IEFS System and U.S. Postal Service, pre-paid delivery for those parties not yet registered:

Howard L. Stevenson
Stevenson Legal Group, LLC
9101 Wesleyan Road, Suite 100
Indianapolis, IN  46268
*Counsel for Plaintiff*

By: */s/ Lesley A. Pfleging*_____
    LESLEY A. PFLEGING

LEWIS WAGNER, LLP
Suite 200
501 Indiana Avenue
Indianapolis, IN 46202
Telephone:     317-237-0500
Facsimile:     317-630-2790
lpfleging@lewiswagner.com

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MARION SUPERIOR COURT NO. 7 |
| | ) SS: | |
| COUNTY OF MARION | ) | CAUSE NO. 49D07-1806-CT-024077 |

| | | |
|---|---|---|
| KIMERE SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | **F I L E D** |
| v. | ) | October 18, 2018 |
| | ) | *Myla A. Eldridge* |
| WALMART INC., | ) | CLERK OF THE COURT |
| | ) | MARION COUNTY |
| Defendant. | ) | BM |

## PLAINTIFF'S PRELIMINARY WITNESS AND EXHIBIT LISTS

Plaintiff, by counsel, Howard L. Stevenson, for its Preliminary witness and exhibit lists in the above cause, submits the following:

### Witnesses

The following persons may be called as witnesses on behalf of the Plaintiff:

1.   Kimere Smith, Plaintiff

2.   Responding emergency personnel

3.   Walmart representative, Demetrius

4.   Walmart representative, Matt Johns

5.   Walmart representative, Kelli Johnson

6.   All witnesses to Plaintiff's incident

7.   Any other store patrons or employees that observed Plaintiff's fall

8.   All witnesses listed by any other party in this matter

9.   All witnesses necessary for purposes of impeachment or rebuttal

10.   All healthcare providers who have treated Plaintiff since the incident.

11.   All witnesses capable of laying a foundation for the admission of health

care and/or billing records from any health care provider treating the
Plaintiff since this incident.

12.    All witnesses necessary to lay the foundation for photographs and/or video
taken of the people or property involved in this accident.

13.    All witnesses discovered through further investigation and/or discovery.

14.    All witnesses identified in the parties' answers to Interrogatories.

15.    All witnesses identified in documents produced by the parties.

16.    All witnesses listed on the Defendant's Witness Lists.

17.    Any experts identified by the parties; and.

18.    Any witnesses who have observed Plaintiff since the incident and/or have
knowledge of Plaintiff's injuries and damages sustained from the incident.


### Exhibits

The Plaintiff may introduce as exhibits:

1.    All documents produced by any party in response to discovery requests by
any party hereto.

2.    Walmart's policies and procedures relating to store premises, slip and
falls, and safety.

3.    Surveillance of the incident.

4.    Store reports.

5.    Photographs of the subject area where Plaintiff fell.

6.    Recorded statement of Plaintiff.

7.    All documents designated by any dispositive motions filed in this matter.

8.      All interrogatory Responses of any party hereto.

9.      All reports, supporting materials, studies, research, materials or other documents or things used by any expert in this matter to render opinions and conclusions.

10.     All depositions taken in this matter.

11.     All exhibits to any depositions taken in this matter.

12.     All exhibits listed by any other party to this matter.

13.     All exhibits necessary for purposes of impeachment or rebuttal.

14.     Depictions/maps of the scene.

15.     Photographs/videos/depictions of the Plaintiff.

16.     Medical reports, records, and bills received from any and all medical providers identified as having provided treatment or care to Plaintiff prior to or after the accident.

17.     Medical payment records from the above providers.

18.     All pleadings in this matter.

19.     Discovery responses submitted by the parties,

20.     All deposition transcripts and exhibits attached thereto.

21.     All documents produced by the parties.

22.     All exhibits listed on the Defendant's Exhibit List.

23.     All exhibits needed for impeachment or rebuttal.

24.     All documents identified through discovery or investigation.

25.     All documents identified in the parties' discovery responses.

26.     Defendant's expert reports

27.  Reports prepared by any Plaintiff expert.

28.  Documents produced pursuant to all non-party requests for the production

of documents.

29.  All documents necessary to support Plaintiff's claim for damages.

As discovery is ongoing, Plaintiff reserves the right to amend their Witness and

Exhibit list as discovery continues.

Respectfully submitted,

_____
Howard L. Stevenson
Attorney for Plaintiff
Atty. No. 17570-49

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the foregoing was filed was served on the

following parties electronically by using the Indiana E-Filing System on this 18th day of

October, 2018.

Lesley A. Pfleging
LEWIS WAGNER, LLP
501 Indiana Ave., Suite 200
Indianapolis, IN 46202
lpfleging@lewiswagner.com

_____
Howard L. Stevenson
Attorney for Plaintiff

**STEVENSON LEGAL GROUP, LLC**
612 E. Market Street
Indianapolis, Indiana 46202
Telephone: (317) 875-0400

Filed: 2/25/2019 2:48 PM
Clerk
Marion County, Indiana

IN THE MARION SUPERIOR COURT 7

STATE OF INDIANA

| | | |
|---|---|---|
| KIMERE SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CAUSE NO.:  49D07-1806-CT-024077 |
| v. | ) | |
| | ) | |
| WALMART, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MOTION TO COMPEL PLAINTIFF'S
## PRODUCTION OF DISCOVERY RESPONSES

Defendant, WALMART, INC., by counsel, and pursuant to Rule 37(A) of the Indiana Rules of Trial Procedure, respectfully requests that this Court enter an Order compelling the Plaintiff, KIMERE SMITH, to respond fully to Defendant's Interrogatories and Request for Production. In support of this Motion, Defendant states as follows:

1.      On or about September 18, 2018, Defendant served the Plaintiff with Interrogatories and Request for Production. (*See* Exhibit A).

2.      On October 18, 2018, Plaintiff's counsel requested an additional 30 days to provide Plaintiff's discovery responses. There was no objection to the extension, which made the responses due November 18, 2018.

3.       On December 17, 2018, counsel for the Defendant requested the status of Plaintiff's discovery responses. There was no response.

4.      Counsel for the Defendant again inquired about the status of Plaintiff's overdue discovery responses on December 31, 2018. Plaintiff's counsel responded that he would provide an update once he was back in the office.

{0019081/0050/01774234 v1}                         1

5.      On January 3, 2019, counsel for the Defendant again requested the status of Plaintiff's discovery responses. Counsel conferred telephonically, and Plaintiff's counsel stated he would provide when the responses would be complete.

6.      Counsel for the Defendant asked for an update on when to expect Plaintiff's discovery responses on January 11, 2019.

7.      On January 16, 2018, Plaintiff's counsel communicated that Plaintiff's responses would be complete by February 1, 2019.

8.      On February 13, 2019, counsel for the Defendant wrote to Plaintiff's counsel to again request the status of Plaintiff's discovery responses, and informed Plaintiff's counsel that a Motion to Compel would be filed if no response was received by February 22, 2019. No response was received.

9.      It has been over five (5) months since Defendant served Plaintiff with its discovery requests.

10.     Additionally, between January 16, 2018, and the date of filing this Motion, counsel for Defendant has not received any communication from Plaintiff regarding the status of her responses to the discovery requests.

11.     As of the filing of this Motion, Defendant's counsel has not received Plaintiff's responses to Interrogatories and Request for Production.

WHEREFORE, WALMART, INC., requests that this Court enter an Order requiring the Plaintiff to respond fully and completely to the Defendant's discovery requests, as well as verify those responses, within the next fifteen (15) days, and grant all other just and proper relief

**LEWIS WAGNER, LLP**

By:     */s/Lesley A. Pfleging*
       LESLEY A. PFLEGING, #26857-49A
       ***Counsel for Defendant***

## CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2019, a copy of the foregoing was served on the following parties electronically by using the Court's IEFS System and U.S. Postal Service, pre-paid delivery for those parties not yet registered:

Howard L. Stevenson
Stevenson Legal Group, LLC
9101 Wesleyan Road, Suite 100
Indianapolis, IN 46268
**_Counsel for Plaintiff_**

By: _/s/ Lesley A. Pfleging_
    LESLEY A. PFLEGING

LEWIS WAGNER, LLP
Suite 200
501 Indiana Avenue
Indianapolis, IN 46202
Telephone:    317-237-0500
Facsimile:    317-630-2790
lpfleging@lewiswagner.com

IN THE MARION SUPERIOR COURT 7

STATE OF INDIANA

F I L E D
February 27, 2019
*Myla A Eldridge*
CLERK OF THE COURT
MARION COUNTY
MF

|  |  |  |  |
|---|---|---|---|
| KIMERE SMITH, |  | ) |  |
|  |  | ) |  |
|  | Plaintiff, | ) |  |
|  |  | ) | CAUSE NO.:  49D07-1806-CT-024077 |
| v. |  | ) |  |
|  |  | ) |  |
| WALMART, INC., |  | ) |  |
|  |  | ) |  |
|  | Defendant. | ) |  |
|  |  | ) |  |

## ORDER GRANTING MOTION TO COMPEL
## PLAINTIFF'S PRODUCTION OF DISCOVERY RESPONSES

Defendant, WALMART, INC., by counsel, filed its Motion to Compel Plaintiff's Production of Discovery. The Court being duly advised in the premises, now finds that said Motion to Compel Plaintiff's Production of Discovery Responses should be GRANTED.

IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED, that the Plaintiff is ORDERED to fully and completely respond to Defendant's Interrogatories and Requests for Production of Documents within fifteen (15) days from the date of this Order.

All of which is ORDERED this _____ day of __**February 27, 2019**__, 2019.

_____
JUDGE, MARION SUPERIOR COURT 7

Distribution:

Lesley A. Pfleging
LEWIS WAGNER, LLP
Suite 200
501 Indiana Avenue
Indianapolis, IN 46202

Howard L. Stevenson
Stevenson Legal Group, LLC
9101 Wesleyan Road, Suite 100
Indianapolis, IN  46268

Filed: 3/5/2019 4:35 PM
Clerk
Marion County, Indiana

IN THE MARION SUPERIOR COURT 7

STATE OF INDIANA

| | | |
|---|---|---|
| KIMERE SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CAUSE NO.:   49D07-1806-CT-024077 |
| v. | ) | |
| | ) | |
| WALMART, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## E-FILING APPEARANCE BY ATTORNEY IN CIVIL CASE

**Party Classification:**  Initiating _____   Responding _X_   Intervening _____

1.    The undersigned attorney and all attorneys listed on this form now appear in this case for the following party member(s):

**WALMART, INC.**

2.    Applicable attorney information for service as required by Trial Rule 5(B)(2) and for case information as required by Trial Rules 3.1 and 77(B) is as follows:

**LYNSEY F. DAVID**                                  **Attorney No. 32594-49**
LEWIS WAGNER, LLP                           Phone:  (317) 237-0500
501 Indiana Avenue, Suite 200               Fax:    (317) 630-2790
Indianapolis, IN 46202                            ldavid@lewiswagner.com

**IMPORTANT**:  Each attorney specified on this appearance:
(a)    certifies that the contact information listed for him/her on the Indiana Supreme Court Roll of Attorneys is current and accurate as of the date of this Appearance;
(b)    **acknowledges that all orders, opinions, and notices from the court in this matter that are served under Trial Rule 86(G) will be sent to the attorney at the email address(es) specified by the attorney on the Roll of Attorneys regardless of the contact information listed above for the attorney**; and
(c)    understands that he/she is solely responsible for keeping his/her Roll of Attorneys contact information current and accurate, see Ind. Admis. Disc. R.

{0019081/0050/01791562 v1}

2(A).

Attorneys can review and update their Roll of Attorneys contact information on the Courts Portal at http://portal.courts.in.gov.

3.  There are other party members: Yes _____ No _X_ (If yes, list on continuation page.)

4.  *If first initiating party filing this case,* the Clerk is requested to assign the case the following Case Type under Administrative Rule 8(b)(3): ___N/A___

5.  This case involves support issues. Yes _____ No _X_ (If yes, supply social security numbers for all family members on continuation page.)

6.  There are related cases. Yes _____ No _X_ *(If yes, list* on continuation page.)

7.  This form has been served on all other parties. Certificate of Service is attached. Yes _X_   No _____

8.  Additional information required by local rule:_____

**LEWIS WAGNER, LLP**

By:  */s/Lynsey F. David*_____
     LYNSEY F. DAVID, #32594-49
     *Counsel for Defendant*

{0019081/0050/01791562 v1}

## CERTIFICATE OF SERVICE

I hereby certify that on March 5, 2019, a copy of the foregoing was served on the following parties electronically by using the Court's IEFS System and U.S. Postal Service, pre-paid delivery for those parties not yet registered:

Howard L. Stevenson
Stevenson Legal Group, LLC
9101 Wesleyan Road, Suite 100
Indianapolis, IN  46268
***Counsel for Plaintiff***

By: */s/ Lynsey F. David*
　　LYNSEY F. DAVID

LEWIS WAGNER, LLP
Suite 200
501 Indiana Avenue
Indianapolis, IN 46202
Telephone:　　317-237-0500
Facsimile:　　317-630-2790
ldavid@lewiswagner.com